## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELESTE EDWARDS,<br><br>        Plaintiff,<br><br>v.<br><br>FINANCE OF AMERICA MORTGAGE, LLC,<br><br>        Defendant. | Case No. 1:22-cv-11557 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Celeste Edwards, by and through undersigned counsel, seeks a permanent injunction requiring a change in Finance of America Mortgage, LLC's ("Defendant") corporate policies to cause its loan documents and supporting communications to become, and remain, accessible to individuals with visual disabilities. In support thereof, Plaintiff respectfully asserts as follows:

### INTRODUCTION

1.      Pursuant to 28 CFR § 36.303, "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. This includes an obligation to provide effective communication to companions who are individuals with disabilities." 28 CFR § 36.303(c).

2.      Plaintiff is an individual with a visual disability. She is, and at all times relevant for purposes of this action, has been legally disabled, as defined by the ADA, 42 U.S.C. § 12102(2).

3.      Defendant offers home financing services, including mortgages to individuals.

4.      These services require Defendant to communicate with customers regarding documents and other corresponding communications to customers periodically.

5. Defendant is responsible for the policies, practices, and procedures concerning the format of its loan documents and supporting communications regarding them.

6. Unfortunately, Defendant denies approximately 7.4 million Americans who have vision difficulty access to its loan documents and supporting communications. *See* United States Census Bureau, 2019 American Community Survey 1-Year Estimates Subject Tables: Disability Characteristics (Table ID: S1810), *available at* https://data.census.gov/cedsci/table?q=living%20with%20disabilities&tid=ACSST1Y2019.S1810 (last accessed Sept. 20, 2022). *See also* Visualization, United States Census Bureau, Living with Disabilities: Number of Americans With a Disability by Age, Sex, and Disability Type (Sept. 30, 2021), *available at* https://www.census.gov/library/visualizations/2021/comm/living-with-disabilities.html (last accessed Sept. 20, 2022).

7. Plaintiff brings this civil rights action against Defendant to enforce Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("Title III"), which requires, among other things, that a public accommodation (1) not deny persons with disabilities the benefits of its services, facilities, privileges and advantages; (2) provide such persons with benefits that are equal to those provided to nondisabled persons; (3) provide auxiliary aids and services where necessary to ensure effective communication with individuals with a visual disability, and to ensure that such persons are not excluded, denied services, segregated or otherwise treated differently than sighted individuals; and (4) utilize administrative methods, practices, and policies that provide persons with disabilities equal access to Defendant's services.

8. By failing to make its loan documents and supporting communications available in a manner that is independently reviewable by individuals with vision impairments, Defendant, a public accommodation subject to Title III, deprives individuals who are partially sighted, visually

impaired, or totally blind the full benefits of its goods, content, and services—all benefits it affords nondisabled individuals—thereby increasing the sense of isolation and stigma among these Americans that Title III was meant to redress

9. Because Defendant's loan documents and supporting communications are not and have never been accessible, and because upon information and belief Defendant does not have, and has never had, an adequate corporate policy that is reasonably calculated to cause them to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring that Defendant make its loan documents and supporting communications accessible to individuals with vision impairments.

## JURISDICTION AND VENUE

10. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

11. Defendant participates in the Commonwealth's economic life by clearly performing business with Massachusetts residents. Defendant enters into home financing service contracts with residents of Massachusetts, for property located in Massachusetts, and regularly collects payments on those loans from Massachusetts residents. These contracts involve, and indeed require, Defendant's knowing and repeated transmission of services in Massachusetts.

12. As described in additional detail below, Plaintiff was injured when she attempted to review documents relating to a reverse mortgage she has with Defendant, but because of a lack of auxiliary aids and effective communication, was denied her full and equal access to the information and options available to her regarding the loan.

13. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

14. Plaintiff is and, at all times relevant hereto, has been a resident of this District. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

15. Defendant is a Delaware Corporation, and, upon information and belief, has its principal place of business in Conshohocken, Pennsylvania 19428.

## DEFENDANT'S CONTENT

16. Defendant's loan documents and supporting communications contain information about the customer's loan, such as remaining term, balance due, and how to modify the loan. The loan documents and supporting communications are the gateway to understanding and modifying a customer's loan with Defendant.

17. Defendant is responsible for the policies, practices, and procedures concerning their loan documents and supporting communications to customers.

## HARM TO PLAINTIFF

18. Plaintiff uses Defendant's services for a reverse mortgage.

19. Plaintiff receives monthly statements from Defendant about her loan.

20. Defendant provides paper copies to Plaintiff through the mail, which Plaintiff is unable to read due to the small print used by Defendant.

21. Plaintiff requested an alternative to paper copies, or paper copies with larger print, so that she could independently review the documents without the need for a sighted reader. Defendant refuses to provide any alternative accommodation.

22. This lack of auxiliary aid and effective communication denied Plaintiff full and equal access to all the services Defendant offers through loan documents and supporting communications, and now deters her from attempting to use Defendant's services in the future.

23. If Defendant's services were accessible, *i.e.*, if Defendant provided auxiliary aids and effective communication, Plaintiff could independently review her loan documents and supporting communications and monitor her loan.

24. Though Defendant has centralized policies regarding its loan documents and supporting communications, Defendant has never had a plan or policy that is reasonably calculated to make its loan documents and supporting communications fully accessible to, and independently usable by, individuals with vision related disabilities. As a result, the lack of auxiliary aids and effective communication are likely to persist without judicial intervention.

25. The law requires that Defendant reasonably accommodate Plaintiff's disabilities by providing auxiliary aids and effective communication.

26. The Department of Justice ("DOJ") addressed this issue in 2014:

> The ADA uses the term "auxiliary aids and services" ("aids and services") to refer to the ways to communicate with people who have communication disabilities.
>
> For people who are blind, have vision loss, or are deaf-blind, this includes providing a qualified reader; information in large print, Braille, or electronically for use with a computer screen-reading program; or an audio recording of printed information.[1]

---

[1] https://www.ada.gov/effective-comm.htm  (last accessed Sept. 20, 2022).

27. Providing effective communication in this context is readily achievable and may be carried out without much difficulty or expense.

28. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's failure to provide its content and services in a manner that is independently usable by individuals with vision impairments.

29. Upon information and belief, Defendant is aware that effective communication is necessary for individuals with visual disabilities to access its services, and that it is legally responsible for providing the same.

## THE PARTIES HAVE NO ADMINISTRATIVE REMEDIES TO PURSUE

30. There is no DOJ administrative proceeding that could provide Plaintiff with Title III injunctive relief.

31. While DOJ has rulemaking authority and can bring enforcement actions in court, Congress has not authorized it to provide an adjudicative administrative process to provide Plaintiff with relief.

32. Plaintiff alleges violations of existing and longstanding statutory and regulatory requirements to provide auxiliary aids or services necessary to ensure effective communication, and courts routinely decide these types of effective communication matters.

33. Resolution of Plaintiff's claims does not require the Court to unravel intricate, technical facts, but rather involves consideration of facts within the conventional competence of the courts, *e.g.* (a) whether Defendant offers content and services through paper loan documents and supporting communications, and (b) whether Plaintiff can access the content and services.

## SUBSTANTIVE VIOLATION

## Title III of the ADA, 42 U.S.C. § 12181 *et seq*.

34. The assertions contained in the previous paragraphs are incorporated by reference.

35. Defendant is a place of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

36. In the broadest terms, the ADA prohibits discrimination on the basis of a disability in the full and equal enjoyment of goods and services of any place of public accommodation. 42 U.S.C. § 12182(a). Thus, to the extent Defendant does not provide Plaintiff with full and equal access to her loan documents and supporting communications, it has violated the ADA.

37. In more specific terms, Title III of the ADA imposes statutory and regulatory requirements to ensure persons with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals as a result of the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A); 28 C.F.R. §§ 36.303(a), (c). Under these provisions, public accommodations must furnish appropriate auxiliary aids and services that comply with their effective communication obligations. *Id.*

38. Auxiliary aids and services are necessary when their absence effectively excludes an individual from participating in or benefiting from a service or fails to provide a like experience to the disabled person.

39. Auxiliary aids and services include, but are not limited to, audio recordings, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, accessible electronic and information technology, other effective methods of making visually delivered materials available to individuals who are blind or have low vision, and other similar services and actions. 28 C.F.R. §§ 36.303(b)(2), (4).

40. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability. 28 C.F.R. §§ 36.303(c)(1)(ii).

41. By failing to provide its loan document's and supporting communication's content in a manner that is effectively communicated, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

    (a) denying individuals with visual disabilities opportunities to participate in and benefit from the goods, content, and services available through Defendant;

    (b) affording individuals with visual disabilities access to their loan documents and supporting communications in a way that is not equal to, or effective as, that afforded others;

    (c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuate the discrimination of others who are subject to common administrative control;

    (d) denying individuals with visual disabilities effective communication, thereby excluding or otherwise treating them differently than others; and/or

    (e) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford its services, privileges, advantages, or accommodations to individuals with visual disabilities.

42. Defendant has violated Title III by, without limitation, failing to make its loan documents and supporting communications in large print, or otherwise effectively communicated,

thereby denying individuals with visual disabilities the benefits Defendant provides, providing them with benefits that are not to be equal to those it provides others.

43. Defendant has further violated Title III by, without limitation, utilizing administrative methods, practices, and policies that allow its loan documents and supporting communications to be made available without consideration of consumers who have a vision disability.

44. Using larger text or some other similar accommodation does not change the content of Defendant's loan documents and supporting communications nor result in making them different but enables individuals with visual disabilities to access the information Defendant already provides.

45. Defendant's ongoing violations of Title III have caused, and in the absence of an injunction will continue to cause, harm to Plaintiff and other individuals with visual disabilities.

46. Plaintiff's claims are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

47. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

(A) A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its loan documents and supporting communications are fully accessible to, and independently usable by, individuals with visual disabilities;

(B)     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its loan documents and supporting communications into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its loan documents and supporting communications are fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause it to remain fully in compliance with the law;

(C)     Payment of costs of suit;

(D)     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, including costs of monitoring Defendant's compliance with the judgment. *See People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 235 (3d Cir. 2008) ("This Court, like other Courts of Appeals, allows fees to be awarded for monitoring and enforcing Court orders and judgments."); *see also Access Now, Inc. v. Lax World, LLC*, No. 1:17-cv-10976-DJC (D. Mass. Apr. 17, 2018) (ECF 11);

(E)     Nominal damages;

(F)     Whatever other relief the Court deems just, equitable and appropriate; and

(G)     An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders.

Dated: September 22, 2022               Respectfully Submitted,

*/s/ Jonathan M. Jagher*
Jonathan M. Jagher (BBO# 650444)
**FREED KANNER LONDON
& MILLEN LLC**
923 Fayette Street
Conshohocken, PA  19428
Telephone: (610) 234-6487
jjagher@fklmlaw.com

Nicholas A. Colella
James M. LaMarca
**LYNCH CARPENTER LLP**
1133 Penn Avenue Floor 5
Pittsburgh, PA 15222
(412) 322-9243
nickc@lcllp.com
james@lcllp.com

R. Bruce Carlson
**CARLSON BROWN**
222 Broad St.
PO Box 242
Sewickley, PA 15143
bcarlson@carlsonbrownlaw.com
(724) 730-1753

*Counsel for Plaintiff*